IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANITA SPIEGEL AND<br>DAVID LAUTENBERGER, Wife<br>and Husband<br>506 Ott Road<br>Bala Cynwyd, PA 19004 | : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br><br> NO:  02-CV-3614 |
| VS. | : <br> : | |
| UNITED STATES OF AMERICA<br>c/o United States Attorney's<br>Office<br>615 Chestnut Street<br>Suite 1250<br>Philadelphia, PA 19106 | : <br> : <br> : <br> : <br> : <br> : | |

**COMPLAINT**

1.    Plaintiffs are adult individuals, husband and wife, with an address at 506 Ott Road, Bala Cynwyd, PA 19004.

2.    Defendant is the United States of America with an address at c/o United States Attorney's Office, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106.

3.    The jurisdiction of this Court is based on the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b) and Sec. 2671-2680.

4.    At all times relevant hereto, the acts or omissions complained of in this Complaint where committed by agents, servants or employees of defendant acting within the course and scope of their agency and employment with the defendant.

5.    On or about May 1, 2001, Plaintiffs, in compliance with the provisions of the Federal Tort Claims Act, 28 U.S.C. Sec. 2675

(a), filed a claim for damages arising from negligence committed by agents, servants, workmen and/or employees of the United States Department of the Interior.  By letter dated December 14, 2001, from the Office of the Solicitor of the United States Department of Interior, plaintiffs' claim was denied.

6. At all times relevant hereto, defendant owned, possessed, controlled, and\or was responsible for the maintenance of the premises known as the pedestrian sidewalk area on the north side of the 100 Block of Sansom Way, Philadelphia, PA (hereinafter referred to as the "premises").

7. On or about December 28, 2000, at or about 4:45 p.m., plaintiff Anita Spiegel was a pedestrian at the above premises when said plaintiff was caused to slip, trip, stumble and/or fall upon certain defects and/or irregularities on the premises causing plaintiff to sustain serious personal injuries as more fully set forth below.

8. The defects and/or irregularities consisted of raised, unstable and missing bricks adjacent to a tree box area on the above premises.

9. The aforesaid incident was caused solely by the negligence, recklessness, and carelessness of the defendant in that it:

    a. Failed to maintain the premises in a condition free from defects, debris, and irregularities;

    b. Failed to make the premises safe for invitation;

    c. Failed to warn the plaintiff of the existence of defects and irregularities on the premises;

    d.    Failed to remove defects and irregularities from the premises;

    e.    Allowed said defects and irregularities to remain on the premises for a long period of time;

    f.    Otherwise failed to exercise due care in the circumstances;

    g.    Failed to regard the rights, safety, and position of the plaintiff in and about the area of the aforementioned incident;

    h.    Allowed raised and unstable bricks to exist where defendant knew or should have know that pedestrians would be walking;

    i.    Permitted and allowed pedestrians to walk on the raised unstable bricks when defendant knew or should have known of the dangerous condition which existed;

    j.    Was negligent per se.

10.    Defendant knew or should have known of the existence on the premises of the aforesaid defects, debris, and irregularities, which existed at the time of the incident and for a longtime prior thereto.

## COUNT - I
### ANITA SPIEGEL  VS. UNITED STATES OF AMERICA

11.    Paragraphs 1 through 10 are incorporated herein as if set forth at length.

12.    As a result of the aforesaid incident plaintiff sustained a fracture of the right distal radius with volar comminution, together with severe shock to plaintiff's nerves and nervous system

by reason of which plaintiff was made to undergo mental anguish and physical pain, any or all of which may be permanent, and all of which have caused and may continue to cause plaintiff great pain and suffering.

13. As a further result of the aforesaid incident, plaintiff was required to seek medical treatment and care and incur medical bills in and about endeavoring to cure said injuries, all of which is to plaintiff's great damage and loss.

14. As a further result of the aforesaid incident, plaintiff was unable to attend to plaintiff's usual and daily activities and occupations, all of which are to plaintiffs great damage and loss.

15. As a further result of the aforesaid incident, plaintiff may have suffered a loss of earnings and/or earning capacity, all of which are to plaintiff's great damage and loss.

WHEREFORE, Plaintiff demands judgment against defendant in an amount not in excess of $150,000.

## COUNT - II
## DAVID LAUTENBERGER VS. UNITED STATES

16. Paragraphs 1 through 15 are incorporated herein as if set forth at length.

17. As a result of the negligence of the defendant described above, plaintiff David Lautenberger has been deprived of the assistance, society, and companionship of his spouse, all of which are to plaintiff's great damage and loss.

WHEREFORE, Plaintiff demands judgment against defendant in an amount not in excess of $150,000.

```
                              BY_____
                                 RICHARD K. TEITELL, ESQUIRE
                                 Attorney for Plaintiffs
```