UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANITA SPIEGEL AND<br>DAVID LAUTENBERGER, h/w<br>506 Ott Road<br>Bala Cynwyd, Pa 19004<br><br>vs.<br><br>UNITED STATES OF AMERICA<br>c/o United States Attorney's Office<br>615 Chestnut Street - Suite 1250<br>Philadelphia, PA 19106 | Civil Action No. 02-cv-3614 |

## A N S W E R

AND NOW, comes defendant United States of America, by their counsel, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Linda Shafer Bocchino, Assistant United States Attorney for the same district, and hereby responds to the numbered paragraphs of Plaintiff's complaint at follows:

1. Admitted.

2. Admitted. By way of further response, this claim arises out of an alleged slip and fall at Independence Park, Philadelphia, the management of which is under the jurisdiction of the Department of the Interior. Suit is maintained against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b) and §§ 2671-2680.

3. Admitted.

4. Denied. Inasmuch as the "acts or omissions" alleged are not defined, nor are the alleged "agents, servants or employees of defendant" identified in any way,

answering Defendant is without sufficient information or knowledge to identify the individual(s) comprising the "agents, servants, employees or workers" of Defendant generically referenced by Plaintiff in paragraph four of the complaint, and same is accordingly denied and strict proof of same is demanded. All acts of negligence on the part of Defendant and/or its agents and employees and all allegations of course and scope of employment are specifically denied and strict proof thereof is demanded.

5. Denied as stated. It is admitted that plaintiff Anita Spiegel filed an administrative claim with the Department of the Interior on or about May 1, 2001, averring that she had tripped and fallen the previous December 28, 2000 on property adjacent to Independence Park, i.e., the north side of the 100 block of Sansom Way, Philadelphia. It is also admitted that plaintiff Anita Spiegel's administrative claim was denied by the Department of the Interior on or about December 14, 2001. The within Complaint was filed in District Court on June 6, 2002. All other averments are denied and strict proof of same is demanded. All acts of negligence on the part of Defendant and/or its agents and employees are specifically denied and strict proof thereof is demanded.

6. Admitted.

7. Denied. Defendant is without information sufficient to form a belief as to whether plaintiff Anita Spiegel was lawfully walking in the Welcome Park area, at the 100 block of Sansom Way on December 28, 2000 and accordingly denies the allegations set forth in paragraph seven. All acts of negligence on the part of Defendant and/or its agents and employees are specifically denied and strict proof

thereof is demanded.

8.    Denied. After reasonable investigation, Defendant is without information sufficient to address the allegations set forth in paragraph eight and according same are denied and strict proof thereof is demanded.

9.    Denied. After reasonable investigation, Defendant is without information sufficient to address the allegations set forth in paragraph eight and according same are denied and strict proof thereof is demanded.

10.    Denied. After reasonable investigation, Defendant is without information sufficient to address the allegations set forth in paragraph eight and according same are denied and strict proof thereof is demanded.

## COUNT 1

### ANITA SPIEGEL vs UNITED STATES OF AMERICA

11.    Defendant repeats its answers one through ten as if set forth at length.

12.    Denied. After reasonable investigation, Defendant is without information sufficient to address the allegations of damages set forth in paragraph twelve, same being within the exclusive control of Plaintiff; accordingly same are denied and strict proof thereof is demanded. All acts of negligence on the part of Defendant and/or its agents and employees are specifically denied and strict proof thereof is demanded.

13.    Denied. After reasonable investigation, Defendant is without information sufficient to address the allegations of damages set forth in paragraph thirteen, same being within the exclusive control of Plaintiff; accordingly same are denied and strict

proof thereof is demanded. All acts of negligence on the part of Defendant and/or its agents and employees are specifically denied and strict proof thereof is demanded.

14. Denied. After reasonable investigation, Defendant is without information sufficient to address the allegations of damages set forth in paragraph fourteen, same being within the exclusive control of Plaintiff; accordingly same are denied and strict proof thereof is demanded. All acts of negligence on the part of Defendant and/or its agents and employees are specifically denied and strict proof thereof is demanded.

15. Denied. After reasonable investigation, Defendant is without information sufficient to address the allegations of damages set forth in paragraph fifteen, same being within the exclusive control of Plaintiff; accordingly same are denied and strict proof thereof is demanded. All acts of negligence on the part of Defendant and/or its agents and employees are specifically denied and strict proof thereof is demanded.

## COUNT II

### DAVID LAUTENBERGER vs. UNITED STATES OF AMERICA

16. Defendant repeats its answers one through fifteen as if set forth at length.

17. Denied. After reasonable investigation, Defendant is without information sufficient to address the allegations of damages set forth in paragraph seventeen, same being within the exclusive control of Plaintiff; accordingly same are denied and strict proof thereof is demanded. All acts of negligence on the part of Defendant and/or its agents and employees are specifically denied and strict proof thereof is demanded.

By way of further response, plaintiff David Lautenberger's claim is precluded as a matter of law for failure to comply with the provisions of the Federal Tort Claims Act, 28 U.S.C.

§ 2678.

# AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' cause of action as against defendant United States is subject to, and limited by, the Federal Tort Claims Act.  28 U.S.C. §§ 1346(b). 2671 et. seq.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' cause of action is subject to, and limited by, the Pennsylvania Comparative Negligence Act. 42 P.S. §7102 et. seq.  Plaintiffs' injuries, damages and losses were not proximately caused by any negligent act or omission of the United States; said incident was caused solely, or in substantial part, by the negligence of the plaintiff Anita Spiegel and plaintiffs are therefore barred from recovery and/or reduced accordingly.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant to the plaintiffs' complaint, the United States neither knew nor should have known of the conditions alleged to have caused the incident in question.

### FOURTH AFFIRMATIVE DEFENSE

At all times relevant to the plaintiffs' complaint, the plaintiff Anita Spiegel knew or should have known of the conditions she has alleged that caused her injuries and should have acted prudently and thus assumed the risk .

### FIFTH AFFIRMATIVE DEFENSE

The acts of others over whom the United States had no control were the sole and proximate intervening and/or superseding cause of the occurrence giving rise to the instant lawsuit and the plaintiffs are therefore barred from recovery as against the defendant.

### SIXTH AFFIRMATIVE DEFENSE

The United States, its servants, agents and employees acted reasonably at all times and were without negligence.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff David Lautenberger's claim is barred for lack of subject matter jurisdiction.  28 U.S.C. § § 2678.

WHEREFORE, Defendant United States of America respectfully requests that judgment be entered in its favor and against Plaintiffs, and that allowable defense costs be awarded Defendant.

    Respectfully submitted,

    PATRICK L. MEEHAN
    United States Attorney

    _____

JAMES G. SHEEHAN
Chief, Civil Division


_____
LINDA SHAFER BOCCHINO
Assistant United States Attorney


FILED: August 6, 2002


CERTIFICATE OF SERVICE

    I, Linda Shafer Bocchino, Assistant United States Attorney for the Eastern District of Pennsylvania, hereby certify that a true and correct copy of the within Answer with Affirmative Defenses was served this day by FIRST CLASS U.S. MAIL, postage prepaid, upon counsel for plaintiff:

        RICHARD K. TEITELL
        150 Monument Road
        Suite 610
        Bala Cynwyd, PA   19004


_____
LINDA SHAFER BOCCHINO
Assistant United States Attorney


DATE: AUGUST 6, 2002.